UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TUFAMERICA, INC.,

        Plaintiff,

v.

VAPAC MUSIC PUBLISHING, INC.,

        Defendant.
-----------------------------------------------------------x

COMPLAINT

Index no.



11 CIV 6534

Plaintiff TufAmerica, Inc. ("TufAmerica"), by and through its undersigned counsel, alleges as follows:

## BACKGROUND

1.    This case is about the misappropriation by defendant of revenues from a library of music compositions written or co-written by Andre Williams ("Williams"), including the popular music composition titled "Shake A Tail Feather." In or around 1998, Williams assigned 50% of his copyright interest and 100% of his administrative and enforcement rights in and to all of his compositions (the "Williams Compositions") and master recordings to plaintiff TufAmerica's precedessor-in-interest, Tuff n Rumble Management, Inc., and appointed TufAmerica the administrator of all of the assigned rights. Defendant Vapac Music Publishing, Inc., which allegedly has rights to market a number of Williams Compositions pursuant to an earlier agreement with Williams, has upon information and belief collected nearly $100,000 in royalties on Williams's behalf, yet has failed to pay any of that amount to TufAmerica, as Williams's designated administrator, or to Williams. TufAmerica seeks an accounting of amounts due Williams

1

from Vapac, and an order directing Vapac to pay to TufAmerica amounts due Williams pursuant to Vapac's agreement with Williams.

## PARTIES

2. Plaintiff TufAmerica, Inc. is a New York corporation with a place of business at 10 West 37th Street, Suite 601, New York, New York.

3. Upon information and belief, defendant Vapac Music Publishing, Inc. is an Illinois corporation with a place of business at 3440 Golfview Drive, Hazel Crest, IL 60429.

## JURISDICTION

4. This Complaint seeks relief arising under New York common law and this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

5. Venue in this District is proper pursuant to 28 U.S.C. §1391(a)(2).

## FACTS

6. TufAmerica is the owner of the Tuff City Music Group, which was founded in 1981 as a rap and hip-hop label. Since then, TufAmerica has moved into other musical genres, including blues, soul, funk, and R&B, acquiring the rights to thousands of musical recordings and compositions.

7. Andre Williams is a blues and soul composer and singer whose work has been included in a number of films and television shows; for example, in the iconic film "The Blues Brothers," Ray Charles (in a cameo as the owner of "Ray's Music Exchange") sings the Williams composition "Shake A Tail Feather" accompanied by Jake and Elwood Blues and several dozen dancers. In the somewhat more recent but less notable movie, the animated "Chicken Little," the same song is performed by the Disney pop group "The Cheetah Girls."

8. In October of 1998, TufAmerica acquired from Williams 50% of his interest in and to all musical compositions owned or controlled by Williams and master recordings on which Williams performs, and 100% of the rights as exclusive administrator to the Williams Compositions and recordings from Williams (the "1998 Agreement"). Under the 1998 Agreement, TufAmerica is the "exclusive administrators of one hundred percent (100%) of" Williams's rights in and to "the copyrights and their renewals and all other rights in and to all of the compositions which [Williams] wrote as of the day of this agreement, all of the rights including copyrights and their renewals in and to all of the Masters which [Williams] performed on as of the day of this agreement and all other rights to masters and compositions which belong to [Williams]."

9. TufAmerica recorded its interest in the Williams Compositions and recordings with the United States Copyright Office on September 12, 2004.

10. Upon information and belief, Vapac has collected royalties from the sales of a number of recordings that incorporate the Williams Compositions pursuant to an alleged earlier agreement with Williams. Vapac is aware that TufAmerica is the designated administrator of Williams's rights in and to the Williams Compositions and recordings.

11. Despite the foregoing assignments from Williams to TufAmerica, Vapac has failed and refused to pay royalties to TufAmerica or Williams for the use of any of the Williams Compositions, despite, upon information and belief, having exploited and received substantial revenues in connection with their use of one or more of those compositions.

12. By the commercial activity set forth above, Vapac has exploited and continues to exploit for its own commercial benefits, TufAmerica's property rights as administrator to the Williams Compositions.

### FIRST CAUSE OF ACTION
(Conversion)

13. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 12 as though set forth in full herein.

14. Upon information and belief, Vapac has received substantial amounts of revenue as a result of exploiting the Williams Compositions.

15. By virtue of the 1998 Agreement, TufAmerica has rights to all or part of the revenue Vapac has received in connection with its exploitation of the Williams Compositions.

16. Upon information and belief, Vapac has retained the revenue received from their exploitation of the Williams Compositions and has failed and refused to turn over any of such revenue to TufAmerica.

17. Vapac has acted illegally, recklessly, and maliciously in refusing to turn over revenues earned from the Williams Compositions to TufAmerica.

18. Vapac is liable to TufAmerica for compensatory and punitive damages.

### SECOND CAUSE OF ACTION
(Unjust Enrichment)

19. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 18 as though set forth in full herein.

20.     Upon information and belief, Vapac has retained for itself revenues gained from its exploitation of the Williams Compositions to which TufAmerica is rightfully entitled as Williams's administrator.

21.     Vapac has failed and refused to restore such revenues to TufAmerica.

22.     There is no adequate remedy at law.

23.     Equity and good conscience require Vapac to make restitution to TufAmerica of the sums is has improperly retained.

### THIRD CAUSE OF ACTION
(Accounting)

24.     TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 23 as though set forth in full herein.

25.     Vapac has refused to account to TufAmerica for the sums it has collected in connection with its exploitation of the Williams Compositions.

26.     Vapac has refused to account to TufAmerica for the amounts Williams is due under its alleged earlier agreement with Williams.

27.     TufAmerica is entitled to an accounting to determine (a) all amounts collected by Vapac as a result of its exploitation of the Williams Compositions, and (b) all amounts due to TufAmerica, as Williams's administrator, as a result

### FOURTH CAUSE OF ACTION
(Misappropriation)

28.     TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 27 as though set forth in full herein.

29.     The actions by Vapac set forth above constitute misappropriation of property under common law, for which TufAmerica is entitled to recover damages.

WHEREFORE, TufAmerica prays for judgment against Vapac as follows:

1. For a preliminary and permanent injunction enjoining Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly committing any acts of unfair competition in connection with the Williams Compositions.

2. For an accounting, the imposition of a constructive trust, restitution to TufAmerica of Vapac's unlawfully-retained proceeds, and damages according to proof.

3. For compensatory damages in an amount as may be awarded at trial, but believed to be at least $100,000.00.

4. For punitive and exemplary damages in an amount as may be awarded at trial.

5. For prejudgment interest according to law.

6. For TufAmerica's costs incurred in this action including its reasonable attorneys' fees.

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____
Kelly D. Talcott
The Law Offices of Kelly D. Talcott
P.O. Box 43, 34 Grove Street
Sea Cliff, New York 11579
v. 516.515.1545, f. 516.871.0682

Attorney for Plaintiff
TufAmerica, Inc.

Dated: Sea Cliff, New York
September 20, 2011